SUCCESSION of AUGUSTIN DEYRAUD.—THE STATE, Appellant.

The provisions of the 4th section of the act of 26 March, 1842, chap. 154, imposing a tax of ten per cent on sums, or the value of any property situated in this State, inherited by, or bequeathed to certain non-residents, are prospective, embracing only cases in which non-resident aliens have become entitled to successions opened after its promulgation.

It is a sound rule of construction never to consider laws as applicable to cases which arose previous to their passage, unless the legislature have, in express terms, declared such to be their intention.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

*Preston*, Attorney General, for the appellant, contended that this estate was one of those subject to a tax of ten per cent, under the act of 26 March, 1842, sec. 4.

*Blache*, contrâ. The act of March 26th, 1842, is posterior to the opening of the succession of the late Augustin Deyraud, who died on the 9th of May, 1841, and is applicable only to

successions opened since its promulgation. To apply it in the present case, would be giving it a retrospective effect, contrary to the general principle laid down in art. 8 of the Civil Code, and to the very letter of the 4th section of the aforesaid act, which is manifestly prospective, and which, had it been intended to provide for successions already open, should have so declared, *totidem verbis*, in order to do away, as regards the said successions, with the prohibition of the above article of the Code.

Under articles 934, 935, 936, 938, 940, 941, of the Civil Code, the heirs of the deceased are entitled to receive the balance of his estate, free from the tax of ten per cent, imposed in favor of the State by the 4th section of the act above mentioned.

Morphy, J. This appeal is taken from a judgment sustaining an opposition of the heirs-at-law of the late Augustin Deyraud to an account filed by his testamentary executors, on the ground that they were improperly charged in said account with the tax of ten per cent imposed by the law of the 26th of March, 1842, on property inherited by non-resident aliens; that this law should not be made to apply to successions opened before its promulgation; and that their rights as heirs of the deceased, having vested on the 9th of May, 1841, when Deyraud died, they are not liable to pay this tax. It is urged by the Attorney General, who prosecutes this appeal on behalf of the State, that the tax is imposed on the amount of all successions belonging to foreigners, without reference to the time of the opening of such successions; that the estate of Deyraud being in course of liquidation, and these heirs having come forward to claim it only in August, 1844, they are subject to the tax. This case cannot be distinguished from that of the *Succession of Pierre Oyon*. As we, there, said, it is a sound rule of construction never to consider laws as applying to cases which arose previous to their passage, unless the legislature have, in express terms, declared such to be their intention. They might, indeed, have imposed a tax on all sums to be paid to aliens not residing in the State, without reference to the opening of the successions, from which they may be entitled to receive said sums; but when such intention is not clearly and unequivocally ex-

pressed, we are bound to suppose that, according to the ordinary rules of legislation, they intended to provide for the future, and not to affect, in any way, rights previously acquired. On a re-examination of the law of 1842, we can come to no other conclusion. Its terms are prospective, and embrace, in our opinion, only cases in which non-resident aliens have become entitled to successions opened after its promulgation.

*Judgment affirmed.*