SUCCESSION OF F. M. PREVOST—The STATE, Appellant, LOUIS PREVOST, Appellee. *

The treaty made in 1853, between the United States and France, confers on Frenchmen, in all the States of the Union, whose laws permit it, the right of possessing real and personal property by the same title and in the same manner as the citizens of the United States, and declares that, in no case, shall they be subjected to taxes on transfers, inheritance, or any others, different from those of citizens of the United States, or to taxes which shall not be equally imposed. *Held*: That the succession of a French citizen, who died before the treaty was made, will not be exempted from the operation of the Act of the Legislature of Louisiana, in 1842, imposing a tax of ten per cent. on successions falling to foreigners.

APPEAL from the District Court of Ascension.

*J. H. Ilsley*, for appellant.    *C. A. Johnson*, for the appellee.

BUCHANAN, J.  *Jean Louis Prevost*, a subject and resident of France, having been recognized as heir of his brother, *F. M. Prevost*, an inhabitant of Louisiana, the curator of the succession of the widow of *F. M. Prevost*, has rendered him an account of the estate of *F. M. Prevost*, which his widow possessed up to her death.  To that account, *Jean Louis Prevost* has filed various grounds of opposition.

*First.*—He objects to the item of $3,192 80, charged as a State tax of ten per cent. on successions in this State, falling to foreigners..  The opponent contends that French citizens are exempted from this tax, by the effect of the consular convention between the United States of America and the Emperor of the French, concluded 23d of February, 1853, ratified by the United States the 1st of April, 1853, exchanged the 11th of August, 1853, and proclaimed by the President of the United States, 12th of August, 1853.  The seventh article of which treaty, is in the following words :

"In all the States of the Union, whose existing laws permit it, so long, and to the same extent, as the said laws shall remain in force, Frenchmen shall enjoy the right of possessing personal and real property, by the same title and in the same manner, as those citizens of the United States.   They shall be free to dispose of it as they may please, either gratuitously, or for value received, by donation, testament or otherwise, just as the citizens themselves ; and in no case shall they be subjected to taxes on transfer, inheritance, or any others different from those paid by the latter, or to taxes which shall not be equally imposed."

We have decided in the case of *Dufour's Succession*, 10 Ann., 391; that this treaty, co far as it is inconsistent with our State laws of 1842, imposing a tax of ten per cent. upon successions devolving upon persons resident out of the United States, must be considered, under the provisions of the second paragraph of the sixth Article of the Constitution of the United States, as paramount to, and superseding the said State law.   See, upon this subject, the case of *Mager's Succession*, 12 Rob. 588.

The present case however, differs from that of *Dufour* in the essential particular that *Prevost* died many years before the conclusion of the consular con-

---

* This case was decided in 1855, and on a writ of error, from the Supreme Court of the United States, the judgment was confirmed in.  See 19 Howard's REP. p. 1.

73

vention with France, and the right of the State of Louisiana to this tax conse-
quently attached, at a period when French citizens did not enjoy an exemption
from the operation of the act of 1842. By the fiction of law *le mort saisit le
vif*, the rights and obligations of the opponent, *Jean Louis Prevost*, as heir of
*Francois Marie Prevost*, relate back to the death of the latter, which took place
on the 18th of May, 1848. C. C. 934, 935; 3 L. R. 336; Ibid 561; 6 Rob.
504; 9 Rob. 357. *Blanchard's Succession*, decided at the December term of
1854. The language of the Supreme Court, in the case of *Mager*, 12 Rob.
588, referred to by the District Judge, contains nothing inconsistent with this
view of the law.

There are two other grounds of opposition which have been argued before
us, one concerning the valuation of improvements put upon the separate estate
of *F. M. Prevost* during the existence of the marriage community ; and the
other, a charge for stock put upon said property by the *widow Prevost* after
her husband's death. The decision of the District Judge, upon these points,
seem conformable to the facts and the law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the
court below be reversed, so far as concerns the charge made in the curator's
account of three thousand one hundred and ninety two dollars eighty cents, for
the State tax of ten per cent. upon the amount of the estate of *F. M. Prevost*,
inherited by *J. L. Prevost*, which charge is hereby sustained; that in other
respects, the said judgment be affirmed; that the account of curatorship of the
succession of *Victorie Castelain*, widow of *Francois Marie Prevost*, filed by
*Michael D. Gaudeb*, curator, on the fourteenth of June, 1854, be approved and
homologated; and that *Jean Louis Prevost*, the opponent, pay costs of the
opposition in both courts.